**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Honorable Marcia S. Krieger**

Civil Action No. 10-cv-00350-MSK-BNB

LINDSAY WINDLER,

      Plaintiff,

v.

ANHEUSER-BUSCH, INC.,

      Defendant.

_____

**OPINION AND ORDER REOPENING CASE, DENYING MOTION TO VACATE**
**ARBITRATION AWARD, AND DENYING REQUEST FOR SANCTIONS**
_____

**THIS MATTER** comes before the Court pursuant to the Plaintiff's Motion to Reopen Case and Vacate Arbitration Award (**# 15**), the Defendant's response (**# 21**), and the Plaintiff's reply (**# 22**); and the Defendant's Motion for Sanctions (**# 23**), the Plaintiff's response (**# 24**), and the Defendant's reply (**# 25**).

## FACTS

Ms. Windler commenced this action in February 2010, filing a Complaint (**# 1**) alleging various violations of the Americans With Disabilities Act ("ADA"). The Defendant promptly sought (**# 10**) to stay the action and refer it to arbitration pursuant to 9 U.S.C. § 1 *et seq*., on the grounds that the parties had entered into a contractual agreement to arbitrate disputes of that type. Ms. Windler conceded the point (**# 11**), and the Court stayed and administratively closed (**# 12**) the case, subject to reopening for "good cause shown." The parties then proceeded with private arbitration of their dispute in accordance with their agreement.

1

On December 28, 2011, Ms. Windler moved (**# 15**) to reopen the case for the purpose of requesting that the  arbitration award be vacated pursuant to 9 U.S.C. § 10.  Specifically, Ms. Windler argues that the arbitrator engaged in "manifest disregard of the law" when he/she ruled in favor of the Defendant because  Ms. Windler had not identified any available position into which she could be transferred.

The Defendant moves (**# 24**) for sanctions against Ms. Windler pursuant to Fed. R. Civ. P. 11(b)(2) and (3), arguing that her challenge to the award has no colorable legal basis.  The Defendant requests that the sanction take the form of awarding it attorney's fees for its time spent responding to the motion to vacate (and presumably, also its time for making the motion for sanctions).

## ANALYSIS

### A.  Standard of review

9 U.S.C. 10(a)(4) provides that the Court may vacate an arbitration award if the party challenging it – here, Ms. Windler – demonstrates that "the arbitrators exceeded their powers." The parties agree that, for purposes of this case, this standard is satisfied if the Court finds that the arbitrator engaged in "manifest disregard of the law."  The parties further agree that "manifest disregard of the law" occurs when an arbitrator demonstrates "willful inattentiveness to the governing law." *DMA Intl., Inc. v. Qwest Communications Intl., Inc.*, 585 F.3d 1341, 1345 (10th Cir. 2009).   It is not sufficient to show that the arbitrator made errors in his interpretation or application of the law," even where those errors are "serious." *Abbott v. Law Office of Patrick J. Mulligan*, 440 Fed.Appx. 612, 620 (10th Cir. 2011) (unpublished) (willful inattentiveness is "something substantially different from a misunderstanding or misapplication of the law").

2

Rather, Ms. Windler is required to show that the arbitrator "knew the law and explicitly disregarded it." *DMA*, 585 F.3d at 1345.

Ascertaining precisely what constitutes "explicit[ ] disregard" of the law is somewhat difficult, insofar as it does not appear that the 10th Circuit has ever recognized that situation.[1] However, the 10th Circuit has stated that judicial ability to set aside an arbitration award is "among the narrowest known to the law." *Denver & Rio Grande Wester RR Co. v. Union Pacific RR Co.*, 119 F.3d 847, 849 (10th Cir. 1997).

**B.  Arbitrator's decision**

A full recitation of the parties' dispute and the arbitrator's determination is unnecessary. It is sufficient to note that Ms. Windler suffers from a disability and she believed was no longer able to perform her assigned job.  She sought a reasonable accommodation from the Defendant pursuant to the ADA.  The parties engaged in an interactive process.  At a meeting on or about December12, 2007, Ms. Windler met with Ms. Rock, a representative of the Defendant, to discuss possible accommodations and other options.  The arbitrator's factual findings explain:

> Several additional positions were discussed with Windler, including a sign shop job, marketing positions and office jobs. However, there were no openings for these positions in Denver. Ms. Rock testified that she did not look [for open positions at Defendant's facilities] outside of Denver because she thought it was Windler's responsibility to do that.  Ms. Rock admitted, however, that Windler said moving could be an option.

---

[1]The "explicit" component of this standard is particularly troubling.  It would seem to suggest that the Court's power to vacate arbitration awards is limited to those circumstances in which the arbitrator acknowledges a controlling point of law, expresses his or her disagreement with it, and proceeds to act in derogation of that law.  Anything short of an express, knowing refusal by the arbitrator to apply the law would seem to suggest something short of "explicit disregard."

The arbitrator found that the Defendant had "explored a number of alternative positions with Windler", and ruled in favor of the Defendant because Ms. Windler had not carried her burden of "proving that a reasonable accommodation existed."  The decision stated:

> a review of all the evidence leads me to the conclusion that no vacant position that would constitute a reasonable accommodation for Claimant has been proven. . . Because the law requires Claimant to provide evidence of the existence of a vacant position with Respondent which would constitute a reasonable accommodation of her disability, and Claimant has not done so, I must find that a failure to accommodate under the ADA has not been proven.  I recognize this result is harsh from Claimant's perspective.  Simply put, the law requires this result in this case. [*Smith v.*] *Midland Brake,* [180 F.3d 1154, 1174 (10th Cir. 1999), *Hines v. Chrysler Cor.*, 231 F.Supp.2d 1027 (District Court Colorado 2007).

Ms. Windler contends that the arbitrator manifestly disregarded the law by concluding that "as a matter of law, the plaintiff always bears the burden of proving the existence of a vacant position which would constitute a reasonable accommodation."  She contends that both *Midland Brake* and *Hines* stand for precisely the opposite proposition - that a large employer has the burden to prove that there was no position that could accommodate her disability.

First, the Court observes that arbitration decision does not contain the categorical statement about which  Ms. Windler complains.  The arbitrator did not opine that  that as a matter of law, every plaintiff with an ADA claim must prove the existence of an available position that would provide a reasonable accommodation.  Instead, the arbitrator's conclusion was limited to the facts of the instant case.  In essence, the arbitrator found that Ms. Windler  had not proved that the Defendant had failed to accommodate her because there was no evidence of a vacant position that would have suited her limitations.

Second, the arbitrator's conclusion is with *Midland Brake* or *Hines*.  Neither *Midland*

*Brake* or *Hines* set out the litigation burden of proof (production or persuasion) with regard to the availability or unavailability of employment positions. Instead, both address the relative responsibilities of the employer and employee to ascertain whether there are available positions in the interactive process that occurs before litigation.[2]

In *Midland Brake*, the 10th Circuit, sitting *en banc*, addressed the scope of an employer's obligation under the ADA to reassign an eligible employee to another position.  It explained that the parties must engage in an "interactive process" that begins when the employee gives "notice to the employer of the employee's disability and any resulting limitations, and express[es] a desire for reassignment if no reasonable accommodation is possible in the employee's existing job."  180 F.3d at 1171-72.  At that point, "both parties have an obligation to proceed in a reasonably interactive manner to . . . identify an appropriate reassignment opportunity if any is reasonably available."  *Id.* at 1172.  Notably, *Midland Brake* explained that:

> The exact shape of this interactive dialogue will necessarily vary from situation to situation and no rules of universal application can be articulated.  For example, in a small company an employee might be reasonably expected to know what other jobs are available for which he or she would be qualified to perform.  On the other hand, in larger companies or companies where the employee does not have ready access to information regarding available jobs, it might be reasonable to require the employer to identify jobs that the employer reasonably concludes are appropriate for reassignment.

*Id.* at 1173.

In *Hines*, the court recited the salient parts of *Midland Brake* discussed above, 231 F.Supp.2d at 1039, then turned to an analysis of the interactive process that occurred in that case.

---

[2]Although these opinions use the word "burden", but careful reading of the entirety of each case reveals that the term is synonymous with obligation or responsibility.

5

The court  noted *Midland Brake*'s observation that "the exact shape of the interactive process will vary," and proceeded to consider the particular facts of the case.  It concluded that "Chrysler was in a better position to identify vacant positions than Hines [because] Chrysler is a large corporation with offices throughout the entire country." *Id.* at 1043.  Thus, the court concluded that "to the extent that Chrysler argues that Hines carried the burden of identifying vacant positions during the interactive process by herself, Chrysler's argument is incorrect as a matter of law." *Id.*

This final quotation is supplemented by a footnote of interest.  The court, interpreting a prior ruling, noted that it had stated that "the employee may request the employer [to] identify [a vacant position] through the interactive process." *Id.* at n. 4.  The court explained that it understood this statement to mean that "if Hines had requested Chrysler to identify vacant positions, Chrysler would have been obligated to identify vacant positions in good faith."  It noted that "it is undisputed that Hines asked [Chrysler representatives] to identify vacant positions in any facility nationwide for which she was qualified," and thus, "it was Chrysler's responsibility to identify vacant positions for which Hines was qualified." *Id.*

Read carefully, neither *Midland Brake* nor *Hines* concern the allocation or burden of proof in presenting a claim under the ADA.  Neither do they articulate an invariable rule of law as to which party is obligated to search for suitable job openings as part of the interactive process that precedes litigation.  Thus, Ms. Windler fundamentally misunderstands the holding and reasoning in both cases.

Both cases focus on the interactive process that proceeds litigation.  The assessment of what occurred during the interactive process is a factfinding endeavor.  These cases repeatedly

state that in evaluating the interactive process, the judge (or arbitrator) should consider the information available to each the parties to determine which of them was better able to locate an available position. *Midland Brake* observes that "in larger companies . . ., it **might** be reasonable to require the employer to identify jobs." 180 F.3d at 1173 (emphasis added). The use of the word "might" is important. Clearly, the Circuit did not identify a fixed obligation on the part of an employer, or even a fixed obligation of a "larger company", a term that is never defined. [3]   Instead, the use of the word "might" suggests that the obligation of the employer and employee to search out positions is fact specific. Among the relevant facts specifically discussed in *Midland Brake* are the size of the employer and the degree to which the employee has "ready access to information regarding available jobs." 180 F.3d at 1173. *Hines* points out an additional factor - whether the employee requested the employer's assistance in locating other open positions. 231 F.Supp.2d at 1039 n. 4.

Here it appears that the arbitrator did what the law required. The decision reflects consideration of what occurred in the interactive process and a factual finding that the Defendant had explored alternative job positions with Ms. Windler as part of the interactive process. Although the decision does not expressly find that the Defendant fulfilled its obligations in the interactive process, such finding is implicit. Given the arbitrator's assessment of the interactive

---

[3]The Court notes that a large number of factual assertions by Ms. Windler are not properly before this Court: *e.g.* the contention that the Defendant has some 25,000 employees, or the implicit contention that there were indeed positions in other locations that were suitable for Ms. Windler and available to her (such that the arbitrator's alleged misallocation of the burden of proof, if reversed, would result in a different outcome). Indeed, it is not entirely clear to the Court that such facts were even before the arbitrator. Nevertheless, for purposes of this Opinion, the Court will assume that Ms. Windler is correct that the Defendant is a large company with many operating locations, and that a diligent search of available positions nationwide would have revealed an open position suitable for Ms. Windler.

process, the arbitrator found that in the absence of evidence of an available job, that Ms. Windler had not proved that the Defendant had failed to accommodate her.

Although the decision might have been clearer and more explicit in setting out the arbitrator's reasoning, this Court cannot find that the arbitrator's findings were "contrary to the law". The Court appreciates that Ms. Windler disagrees with the facts found by the arbitrator, but such factfinding was wholly consistent with the applicable legal standard. *Major League Baseball Players Assn. v. Garvey*, 532 U.S. 504, 509 (2001) ("the arbitrator's improvident, even silly, factfinding does not provide a basis" for vacating the award). Accordingly, Ms. Windler's motion to vacate the award is denied.

### C.  Motion for sanctions

The Court briefly turns to the Defendant's motion for sanctions.  To be entitled to sanctions under Fed. R. Civ. P. 11(b)(2) – the only provision arguably applicable here – the Defendant must show that Ms. Windler's legal positions were not "warranted by existing law." Rule 11 obligates Ms. Windler's counsel to conduct an "inquiry reasonable under the circumstances" before filing the motion.  That inquiry is judged by an objective standard – inquiring what a reasonable attorney would have done – rather than a subjective one that inquires into Ms. Windler's counsel's good faith belief in the merits of the argument. *White v. General Motors Corp.*, 908 F.2d 675, 680 (10th Cir. 1990).

As noted above,  Ms. Windler's argument is based on a misreading and/or misrepresentation of legal significance of *Midland Brake* and *Hines*. *Midland Brake* and *Hines* are crystal-clear in their focus upon the interactive process preceding litigation not on a burden of proof at trial.  Furthermore, it cannot be reasonably argued that they set out a fixed rule that

any employer (even "larger companies") have the burden to prove that there was no available job with appropriate accommodations.

Ms. Windler's counsel's misstatement of *Midland Brake* is particularly egregious given the standard of review for an arbitration award. Given the narrowness of the window that Ms. Windler was required to fly through in order to succeed on her motion, Ms. Windler's counsel was required to do more than read the cases for promising bits of verbiage or superficial similarities. In order to prevail on a motion to set aside the arbitration award, the caselaw had to be explicit and the arbitrator had to have acted in a manner that was deliberately contrary to its provisions. Ambiguity with regard to either requirement should have counseled against the bringing of this motion.

However, the Court cannot determine on this record whether Ms. Windler's error is a result of oversight or for improper purpose. In addition, there has been no showing of compliance with the safe-harbour provisions of Rule 11 (c)(2). For these reasons, the Court declines to impose sanctions under Rule 11.

**CONCLUSION**

For the foregoing reasons, Ms. Windler's motion **(# 15)** is **GRANTED IN PART**,

insofar as the Court **REOPENS** the case to address her substantive motion, and **DENIED IN PART**, insofar as the Court finds that she has failed to carry her burden of showing that the award should be vacated.  The Defendant's motion for sanctions **(# 23)** is **DENIED**.

Dated this 22nd day of August, 2012

**BY THE COURT:**

_Marcia S. Krieger_

Marcia S. Krieger
United States District Judge